UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-01769-MWF (DTBx)          Date:  March 11, 2015
Title:    Paul Silva -v- Wells Fargo Bank, N.A., et al.

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS [7, 23]

Before the Court are two Motions to Dismiss. The first was filed by Defendants Wells Fargo Bank, N.A. ("Wells Fargo"); Federal National Mortgage Association ("Fannie Mae"); Mortgage Electronic Registration Systems, Inc. ("MERS"); MERSCORP Holdings, Inc., and JPMorgan Chase Bank, N.A. ("Chase") on January 6, 2015. (Docket No. 7). The second was filed by only Wells Fargo (the "Wells Fargo Motion"), on January 28, 2015. (Docket No. 23). Plaintiff Paul Silva submitted a Response to Defendant's Notice and Motion to Dismiss Plaintiff's Petition Opposition (the "Response") although it is unclear to which Motion it is directed.

The Court found the matters appropriate for submission on the papers without oral argument and therefore the hearing currently scheduled for March 14, 2015 is **VACATED** and removed from the Court's Calendar. See Fed. R. Civ. P 78(b) and Local Rule 7-15. Having considered the papers, and accepting Plaintiff's allegations as true, as the Court must at this stage, the two Motions are **GRANTED** *with leave to amend*.

**Requests for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016, n. 9 (9th Cir. 2012). The Court may, however, take judicial notice of matters of public record outside the

CIVIL MINUTES—GENERAL                                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV-14-01769-MWF (DTBx)         Date:  March 11, 2015**
**Title:     Paul Silva -v- Wells Fargo Bank, N.A., et al.**

pleadings that are not subject to reasonable dispute. *Id.*; Fed. R. Evid. 201(b). Defendants filed a Request for Judicial Notice ("RJN") with their Motion, and Wells Fargo filed a similar Request with its Motion, asking the Court to take judicial notice of certain records related to Plaintiff's mortgage and property ownership. (Docket Nos. 8, 24). These Requests are unopposed. The Requests are GRANTED, and the Court takes judicial notice of the documents submitted by Defendants because they are not subject to reasonable dispute and are proper subjects of judicial notice. See, e.g., *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of documents in a county public record, including deeds of trust).

**Background**

On July 25, 2008 Plaintiff borrowed $280,000 from American Mortgage Network, Inc.  This loan was secured by a Deed of Trust with MERS named as the beneficiary under the Deed of Trust.  Plaintiff ceased paying the amounts due on his loan and defaulted.  (Complaint ¶ 26). On November 9, 2011 MERS assigned its beneficial interest to Chase.  (RJN Ex. B). On January 12, 2012, NDEx West, L.L.C. ("NDEx") filed a Notice of Default as an agent for the beneficiary.  (RJN Ex. C).  On July 31, 2012 Chase substituted NDEx as trustee under the Deed of Trust.  (RJN Ex. D).  Two Notices of Trustee's Sale were recorded on August 27, 2012 and October 16, 2012.  (RJN Exs. E, F).  By this time there was an unpaid balance on the loan of approximately $340,000.  (*Id.*). On November 19, 2012 Chase assigned the beneficial interest to Fannie Mae and it was recorded November 28, 2012.  (RJN Ex. G).  On November 26, 2012 NDEx executed a Trustee's Deed Upon Sale, granting the property to Fannie Mae after a public auction, which was recorded on November 28, 2012. (Ex. H).

Plaintiff filed his Complaint on August 27, 2014.  (Docket No. 1).  In it he challenges the standing of the various entities named in the Complaint to foreclose on his property because he alleges that in some way the right to foreclose was separated from the transferred interest during the process by which his loan was securitized.  He

---

**CIVIL MINUTES—GENERAL                                             2**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-01769-MWF (DTBx)          Date:  March 11, 2015
Title:    Paul Silva -v- Wells Fargo Bank, N.A., et al.

also alleges violations of various federal laws and the National Mortgage Settlement ("NMS") consent order.

Specifically Plaintiff alleges the following claims for relief: 1) Intentional non-disclosure; 2) Missing Public Recording Assignments and Violation of California law; 3) Fraud in the Factum; 4) Violations of the NMS Consent Order; 5) Violations of 15 U.S.C. § 1641; and 6) Violations of the Uniform Electronic Transactions Act.

**Motion to Dismiss**

In ruling on a motion under Federal Rule of Civil Procedure 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (citation omitted).  "All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff."  *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 937 (9th Cir. 2008) (holding that a plaintiff had plausibly stated that a label referring to a product containing no fruit juice as "fruit juice snacks" may be misleading to a reasonable consumer).  However, the Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ."  *Iqbal*, 556 U.S. at 678.  The Court, based on judicial experience and common-sense, must determine whether a complaint plausibly states a claim for relief.  *Id*. at 679.

Plaintiff filed the Complaint pro se.  Because it was filed pro se, it is "to be liberally construed . . . and however inartfully pleaded, must be held to less stringent standards than formal pleadings drafter by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted); *Cf*. Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice.").

In the Complaint, the bulk of Plaintiff's factual allegations relate to Defendants' purported lack of authority to foreclose because of alleged deficiencies in the manner in which Plaintiff's loan was handled.  Much of Plaintiff's allegations, however, are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV-14-01769-MWF (DTBx)**          **Date:  March 11, 2015**
**Title:**     Paul Silva -v- Wells Fargo Bank, N.A., et al.

unclear, irrelevant and do not identify with any specificity the basis for his claims. More fundamentally problematic however, is that Plaintiff may not bring a suit such as this to challenge the validity of a trustee's authority to foreclose upon a property.

California Civil Code sections 2924 to 2924k embody California's non-judicial foreclosure statute and provides "a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a sale contained in a Deed of Trust." *Moeller v. Lien*, 25 Cal. App. 4th 822, 830, 30 Cal. Rptr. 2d 777 (1994) (holding that debtor cannot attack validity of nonjudicial foreclosure sale to bona fide purchasers). California Courts have rejected claims by borrowers to challenge the standing of servicers to foreclose on properties. *See e.g. Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154, 121 Cal. Rptr. 3d 819 (2011) (holding that borrower may not bring action to determine whether owner of a note has authority to initiate nonjudicial foreclosure and borrower could not allege on information and belief that purported trustee lacked such authorization).  Plaintiff concedes that he has not paid the money owed on the loan and beyond the jargon-filled allegations regarding the Defendants' alleged wrongdoing fails to clearly allege how he has been harmed.

Further, Plaintiff's general allegations as to the propriety of Defendants management of his Deed of Trust are without basis in California law.  As the Court of Appeal has stated, "[p]rivate mortgage registry had authority to assign Deed of Trust to a bank that purchased assets of the bankrupt original lender, and thus the assignment did not invalidate the subsequent nonjudicial foreclosure sale, even if mortgage registry did not have an agency agreement with the successors and assigns of the original lender, where borrowers agreed in the Deed of Trust that registry had the right to exercise all rights of the lender, including foreclosing on and selling borrowers' property." *Herrera v. Fed. Nat. Mortgage Assn.*, 205 Cal. App. 4th 1495, 141 Cal. Rptr. 3d 326 (2012) (citing 4 Miller & Starr, *California Real Estate* (3d ed. 2001) § 10:39.10; 4 B.E. Witkin, *Summary of California Law* Security Transactions in Real Property § 106 (10th ed. 2005).).

In his Response, Plaintiff recites portions of his Complaint and argues that Defendants have failed to satisfactorily show that they are able to comply with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-01769-MWF (DTBx)          Date:  March 11, 2015
Title:     Paul Silva -*v*- Wells Fargo Bank, N.A., et al.

"Covenant of Redemption."  (Response at 10).  Such arguments, however, are irrelevant to the deficiencies in Plaintiff's claims as explained below and Plaintiff fails to identify any such obligation on the part of Defendants that supports any claim for relief.  *See e.g. Gomes,* 192 Cal. App. 4th at 1154 (quoting *Lane v. Vitek Real Estate Indus. Group*, 713 F. Supp. 2d 1092, 1098 (E.D. Cal. 2010) ("Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute.")).

Plaintiff does not actually bring a suit for wrongful foreclosure; instead Plaintiff alleges six claims for relief related to the foreclosure and Defendants' handling of his mortgage.  The Court addresses each of Plaintiff's claims individually below and concludes that each must be dismissed.

### A.     Intentional Non-Disclosure

Plaintiff's first claim for relief is for intentional non-disclosure in which he alleges that he was enticed into a loan and was not informed that he would become a "'party' to a complex securitization transaction."  (Complaint ¶ 110-12).  Plaintiff's claim fails because the Deed of Trust provides that "the Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more time without prior notice to Borrower." (RJN Ex. A, ¶ 20).  In addition, securitization of a loan does not affect the right to foreclose.  *Lane*, 713 F. Supp. 2d at 1099 ("The argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts.").

Plaintiff is also time-barred from bringing this claim for non-disclosure.  Fraud claims under California law are subject to a three year statute of limitations.  Cal. Code Civ. Proc. § 338.  Plaintiff alleges the non-disclosure happened when he was induced to take out the loan in July 2008.  Therefore, the statute of limitations ran in July 2011, well before Plaintiff filed this suit in 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-01769-MWF (DTBx)      Date:  March 11, 2015
Title:    Paul Silva -v- Wells Fargo Bank, N.A., et al.

### B. Fraud in the Factum

Plaintiff also alleges that "Defendants *et al*, knowingly and wittingly with premeditated knowledge create misleading, false or fraudulent documents to be filed in the public record," have slandered title to the property, and used these documents to foreclose and sell Plaintiff's property. (Complaint at 119-20). As an initial matter, the documents of which the Court takes judicial notice negate Plaintiff's claims and indicate appropriate assignment and recording.

Further, as with Plaintiff's first claim, Plaintiff again fails to plead this claim with the particularity required by Federal Rule of Civil Procedure 9(b). *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). (To satisfy Rule 9(b), a plaintiff must include "the who, what, when, where, and how" of the fraud). Plaintiff refers to Defendants generally and does not allege with any specificity what misleading statements any particular Defendant made, or when a Defendant may have made them.

### C. Public Recording in Violation of California Law

Plaintiff alleges generally that Defendants violated California law "by refusing to record require mortgage assignments in an attempt to obfuscate the true nature of the Plaintiffs' [*sic*] mortgage loan." (Complaint at 116-18). Such general allegations, even construed liberally in favor of a pro se litigant do not meet the requirements of Rule 8. *Bautista v. Los Angeles Cnty.,* 216 F.3d 837, 840 (9th Cir. 2000) ("To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim"). Plaintiff has failed to identify any California law which has been violated and stated only in the most conclusory of ways that Defendants have violated California law.

### D. Violations of the NMS Consent Order

Plaintiff's fourth claim for relief alleges generally that Defendants are in violation of the NMS consent order reached in *U.S. v. Bank of America*, 12-cv-00361 (D.D.C. Apr. 4, 2012). This claim fails because Plaintiff does not have standing to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-01769-MWF (DTBx)          Date:  March 11, 2015
Title:     Paul Silva -v- Wells Fargo Bank, N.A., et al.

enforce the NMS consent order.  Numerous courts have held that individual borrowers are merely incidental beneficiaries of the NMS, and so have no right to bring third-party suits to enforce the consent judgment.  *See e.g. Jurewitz v. Bank of Am., N.A.*, 938 F. Supp. 2d 994, 998 (S.D. Cal. 2013) ("The Consent Judgment contains no provisions referencing the possibility of an enforcement proceeding brought by an individual borrower as a third-party beneficiary."); *Lawrence v. Wells Fargo Bank, N.A.*, No. C 14-1272 PJH, 2014 WL 2705425 at *6 (N.D. Cal. June 13, 2014).

### E.     TILA Violation

Plaintiff also that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq, ("TILA") and specifically § 1641(g).  (Complaint ¶¶ 129-31).  Section 1641(g) was introduced by Congress as part of the Helping Families Save Their Homes Act of 2009 and requires that a loan servicer who acquires actual ownership of a loan obligation by assignment or purchase, must, within 30 days, furnish the borrower with the server's name, address, date of transfer and other information. *See e.g. Logan v. U.S. Bank Nat. Ass'n*, 722 F.3d 1163, 1172 (9th Cir. 2013) (holding that there is no private right of action under § 702 of the Protecting Tenants at Foreclosure Act, unlike § 1641 of the Helping Families Save Their Home Act).

Plaintiff alleges only that "Defendants violated [§ 1641(g)] and did not disclose the new creditor as required by law. Alleged creditor has not identified them self [*sic*] nor has it been disclosed by the Defendants."  (Complaint ¶¶ 130-31). Plaintiff fails to identify which new owner or assignee of the debt has failed to identify itself, or make factual allegations as to why there is a new creditor.  § 1641(g) imposes an obligation only on the new creditor and not the older creditors.  Therefore none of the named Defendants are liable for an alleged new creditor's failure to comply with § 1641(g). 15 U.S.C. § 1640(a) ("liability shall be imposed only upon the creditor required to make disclosure").

To the extent Plaintiff alleges that one of the Defendants did not meet its obligation, such a claim is barred by the statute of limitations Plaintiff fails to identify which Defendant.  Further, the statute provides for a three year statute of limitations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-01769-MWF (DTBx)     Date:  March 11, 2015
Title:    Paul Silva -v- Wells Fargo Bank, N.A., et al.

from the date the loan is consummated for rescission, and one year from the violation for a damages claim.  15 U.S.C. § 1640(e).  The last named Defendant who was potentially assigned the loan was Fannie Mae when it became the beneficiary of Plaintiff's Deed of Trust in November 2012.  This assignment was recorded on November 28, 2012 thereby giving Plaintiff constructive notice of the assignment.  *See Sokol v. JPMorgan Chase Bank, N.A.*, No. C-13-2153 EMC, 2013 WL 6623897 at *3 (N.D. Cal. Dec. 16, 2013) (holding that equitable tolling does not apply to claims under § 1641(g)).  However, this suit was filed on August 27, 2014 almost two years after the last potential violation alleged in Plaintiff's Complaint.  Therefore, Plaintiff's claims against Defendants under TILA are time barred.

### F. Violation of Uniform Electronic Transactions Act

Plaintiff's seventh claim for relief alleges that Defendants "violated USC § 15-96-1-7003 and did not executive the proper recordings as required by law." (Complaint § 133).  However, § 7003 does not provide for a claim for relief, nor does Plaintiff relate it to his other allegations.  Section 7003 provides for exceptions from the provisions of the 15 U.S.C. 7001, and includes an exception for "any notice of . . . default, acceleration, repossession, foreclosure, or eviction, or the right to cure, under a credit agreement secured by, or a rental agreement for, a primary residence of an individual."  15 U.S.C. § 7003(b)(2).

Section 7001 provides, in pertinent part, that transactions may not be denied legal effect merely because they are of an electronic form or bear an electronic signature.  Section 7003 therefore excludes various provisions from this requirement.  However, § 7003 does not provide for any form of relief, and Plaintiff fails to identify how Defendants have somehow could have violated this statutory exception.  Simply put, Plaintiff fails to state a claim under § 7003 because no claim exists.

### Conclusion

The Court is skeptical of Plaintiff's purported claims.  However, the Court will permit Plaintiff to file a First Amended Complaint to clearly state any claims for relief

---

**CIVIL MINUTES—GENERAL**                                                    8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-14-01769-MWF (DTBx)          Date:  March 11, 2015
Title:      Paul Silva -*v*- Wells Fargo Bank, N.A., et al.

he may have and the factual basis for such claims. Accordingly, the Court **GRANTS** Defendants' Motions *with leave to amend*. Plaintiff's new complaint must abide by Federal Rule of Civil Procedure 8 and clearly identify which acts by which Defendants give rise to which forms of relief requested. Plaintiff shall file a First Amended Complaint by **April 1, 2015**. Failure to file a First Amended Complaint by the deadline will lead to dismissal of the action for failure to prosecute.

The Court may not provide advice to any party, including persons who are not represented by a lawyer. (Such persons are known as "pro se litigants.") However, this District does have a "Pro Se Clinic" that can provide information and assistance about many aspects of civil litigation in this Court. The Clinic is administered by Public Counsel, a public interest law firm, and it is staffed by lawyers and a paralegal. In order to benefit from the guidance that the Clinic may be in a position to provide, a pro se litigant has to go there directly. The Pro Se Clinic is open to members of the public on Mondays, Wednesdays, and Fridays, and is open from 9:30 a.m. to 12:00 p.m. (noon) and from 2:00 p.m. to 4:00 p.m. Individuals seeking assistance are seen on a first-come, first-served basis. The clinic is located in Room G-19 on the Main Street level of the United States Courthouse, 312 North Spring Street, Los Angeles, California.

Although the Clinic does not provide assistance telephonically, a pro se litigant may call the Clinic to obtain further information. The telephone number is (213) 385-2977, ext. 270. Again, the Clinic does not provide any assistance over the telephone; the purpose of a telephone call would be only to get more information about the Clinic. In addition, the Court has information of importance to pro se litigants at the "Pro Se" link on its website, http://www.cacd.uscourts.gov.

IT IS SO ORDERED.